**UNITED STATES of America,**
**Appellee,**

v.

**Mack ANDINO, Defendant–Appellant.**

**No. 06–5671–cr.**

United States Court of Appeals,
Second Circuit.

May 15, 2008.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

Jeffrey A. Goldberg, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, of counsel, on brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co-

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

### SUMMARY ORDER

Mack Andino appeals from the December 13, 2006 judgment of the district court sentencing him principally to 72 months' imprisonment. We assume the parties' familiarity with the facts and proceedings in the district court.

■ Andino first argues that the district court erred in applying a 4–level role enhancement pursuant to U.S.S.G. § 3B1.1(a) to its calculation of the Guidelines sentencing range. Andino contends that he did not have a controlling or decision-making role in the scheme as is required for the 4–level enhancement and that he played no more than a managerial role in the conspiracy for which he should have received only a 2–level enhancement pursuant to U.S.S.G. § 3B1.1(c). We review a district court's finding that a defendant acted in a leadership or organizational role under the clearly erroneous standard. *United States v. Kilkenny*, 493 F.3d 122, 130 (2d Cir.2007); *United States v. Szur*, 289 F.3d 200, 218 (2d Cir.2002) ("The sentencing court's findings as to the defendant's role in the offense will be overturned only if they are clearly erroneous.").

U.S.S.G. § 3B1.1(a) states: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [offense level] by 4 levels." The district court's determination that Andino played a leadership role sufficient to require a 4–level enhancement pursuant to

lumbia, sitting by designation.

U.S.S.G. § 3B1.1(a) was not clearly erroneous. Andino's arguments fail to consider his role in overseeing the filers and in controlling the process by which the refunds were obtained. Andino accompanied the filers as they picked up and cashed their refund checks, and he required the filers to list his phone number as their own. That evidence, combined with the fact that Andino kept a majority of the earnings, recruited others to participate, and obtained the information needed to file false returns, is sufficient to support the district court's finding that Andino was a leader or organizer of the scheme to a degree sufficient to fall within the scope of U.S.S.G. § 3B1.1(a).

Andino further argues that his sentence is unreasonable, citing the disparity between his sentence and the probation-only sentences received by his coconspirators, his medical condition, and the requirement that the sentence not be greater than necessary to serve the purposes set forth in 18 U.S.C. § 3553(a)(2). This Court reviews sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted). This Court has a "strong presumption that the sentencing judge has considered all arguments properly presented ... [which] is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors." *Id.* at 29. Andino's arguments regarding his medical condition were presented to the district court. Because the district court said that it "reviewed all the submissions that have been made by the parties and ... listened intently to all of the arguments," our presumption applies and leads us to conclude that the district court properly considered Andino's medical condition in determining his sentence. Although 18 U.S.C. § 3553(a)(6) requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," we have not interpreted it to require that sentencing courts consider sentencing disparities among codefendants, particularly when the codefendants are not similarly situated. *See United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007). Andino's argument that there were unwarranted disparities in his and his codefendants' sentences is belied by the fact that his level of participation in the criminal activity and his background make him dissimilar from the codefendants. Given the seriousness of the crime, Andino's criminal history, and the district court's consideration of the arguments presented to it, we find that the sentence imposed by the district court was reasonable.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.